```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    CENTRAL DIVISION at LEXINGTON
```

| | | |
|---|---|---|
| MICHAEL HORN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 19-168-JMH |
| | ) | |
| v. | ) | |
| | ) | |
| MADISON COUNTY | ) | **MEMORANDUM OPINION** |
| DETENTION CENTER, ET AL., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

Michael Horn is an inmate at the Madison County Detention Center (MCDC) in Richmond, Kentucky. Proceeding without a lawyer, Horn filed a civil rights complaint with this Court [R. 1], as well as a motion for leave to proceed *in forma pauperis* [R. 10]. The Court recently granted Horn's fee motion [R. 14] and, thus, this matter is now before the Court on initial screening pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2).

Horn appears to list four different defendants in his complaint: (1) MCDC Lieutenant Kyle Barrett, (2) MCDC Deputy Deanna Anglin, (3) MCDC Deputy Ashley, and (4) the MCDC itself. [R. 1 at 1-3]. That said, Horn's only substantive allegation is that Barrett assaulted him with a taser, causing him injuries. [*Id.* at 4-5]. In fact, Horn specifically says, "There was no one else involved," and that the other named defendants were only witnesses to the alleged incident. [*Id.* at 5]. In short, Horn

has failed to state a claim against either Anglin or Ashley and, thus, the Court will dismiss Horn's claims against these defendants.

The Court will also dismiss Horn's claims against the MCDC. That is because the MCDC is simply a building and not a person or legal entity which may be sued under 42 U.S.C. § 1983. *See Marbry v. Corr. Med. Servs.*, 238 F.3d 422, 2000 WL 1720959, at *2 (6th Cir. 2000) (holding that the Shelby County jail was not subject to suit under § 1983). Plus, even if the Court construes Horn's complaint as alleging a claim against Madison County, Horn is not complaining about a county policy or custom and, therefore, he fails to state a claim for relief against the county. *See Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)).

That only leaves Horn's claim against Barrett in his individual capacity. That claim can be broadly construed as an excessive force claim, and the Court will allow it to proceed past the initial screening stage. Ultimately, since the Court has already granted Horn pauper status, it will direct the Clerk's Office and the United States Marshals Service (USMS) to serve Barrett with a summons and copy of the complaint on Horn's behalf.

Accordingly, it is **ORDERED** as follows:

1. Horn's claims against defendants Anglin, Ashley, and the Madison County Detention Center are **DISMISSED.** As a

result, the Clerk's Office is **DIRECTED** to terminate these defendants from this action.

2. That said, the Court will allow Horn's claim against defendant MCDC Lieutenant Kyle Barrett to proceed. As a result, the Clerk's Office is **DIRECTED** to list MCDC Lieutenant Kyle Barrett as a defendant in this action.

3. A Deputy Clerk **shall prepare** one "Service Packet" for service upon defendant MCDC Lieutenant Kyle Barrett. That Service Packet shall include:
   a. a completed summons form;
   b. the complaint [R. 1];
   c. this Memorandum Opinion and Order; and
   d. a completed USM Form 285.

4. The Deputy Clerk shall deliver the Service Packet to the USMS in Lexington, Kentucky and note the date of delivery in the docket.

5. The USMS shall make arrangements with the appropriate officials at the Madison County Detention Center to personally serve MCDC Lieutenant Kyle Barrett with the Service Packet at:

    Madison County Detention Center
    107 West Irvine Street
    Richmond, Kentucky  40475

This 6th day of June, 2019.



Signed By:
*Joseph M. Hood*
**Senior U.S. District Judge**

4