UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
CIVIL ACTION NO. 5:19-cv-00168-JMH

MICHAEL HORN                                                        PLAINTIFF

VS.

LIEUTENANT KYLE BARRETT                                    DEFENDANT

---

## ANSWER TO PLAINTIFF'S COMPLAINT

---

Comes the Defendant, Lieutenant Kyle Barrett, by counsel, and for his Answer to the Complaint filed herein by the Plaintiff, Michael Horn, states as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against the Defendant upon which relief may be granted and should therefore be dismissed with prejudice.

### SECOND DEFENSE

1.       The Defendant admits the allegations contained in Section I(A) and Section III of the Complaint.

2.       In response to the allegations contained in Section I(B) of the Complaint, the Defendant admits that Kyle Barrett and Deanna Anglin are employees of the Madison County Detention Center in Richmond, Kentucky.   The Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remainder of the allegations contained in Section I(B) of the Complaint and therefore denies same.

3.       The allegations contained in Section II(A) of the Complaint are statements of law that do not contain any statements of fact that require a specific response. To the extent that such

are deemed to be statements of fact, the Defendant lacks knowledge or information sufficient to form a belief as to their truth or falsity and therefore denies same.

4.      The Defendant denies the allegations contained in Section II(B) and Section IV of the Complaint.

5.      In response to the allegations contained in Section V of the Complaint, the Defendant admits that the Plaintiff was seen by a nurse at the Madison County Detention Center. The Defendant denies the remainder of the allegations contained in Section V of the Complaint.

6.      The Defendant denies that the Plaintiff is entitled to the relief requested in Section VI of the Complaint.

7.      In response to the allegations contained in Section VII of the Complaint, the Defendant states that the documents referred to therein speak for themselves and are the best evidence of their contents and deny any allegations inconsistent therewith.  The Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Section VIII of the Complaint and therefore denies same.

8.      The Defendant denies each and every other allegation contained in the Complaint that is not specifically admitted herein.

## THIRD DEFENSE

The Complaint is barred by the doctrines of absolute immunity, qualified immunity, qualified official immunity, legislative immunity, governmental immunity, and where applicable, immunity provided by the 11th Amendment to the United States Constitution.

## FOURTH DEFENSE

At all times relevant herein, the Defendant acted in accordance with the letter and the spirit of all applicable common law, statutes and Constitutions of the Commonwealth of Kentucky and

the United States of America, and Defendant relies upon same as a complete bar to all claims of the Plaintiff herein.

## FIFTH DEFENSE

At all times relevant herein, the Defendant's actions were in furtherance of a governmental function in which discretionary acts were performed in good faith with an objectively reasonable belief that their actions were lawful, and the Defendant pleads and relies upon such defense as a complete bar to the claims of the Plaintiff herein.

## SIXTH DEFENSE

At all times relevant herein, the Defendant's actions were taken within the scope of his official duties as an officials and/or employee of Madison County, Kentucky, in good faith, without malice, and as a result thereof, the Defendant demands that all claims against him be dismissed with prejudice.

## SEVENTH DEFENSE

The Defendant pleads pre-existing injuries, failure to name indispensable parties, and failure to exhaust administrative remedies as bars to the claims asserted against it herein.

## EIGHTH DEFENSE

The Plaintiff's claims for punitive damages, if any, are barred in whole and in part by KRS 411.186 and violate the Defendant's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and analogous provisions of the Kentucky Constitution.

**NINTH DEFENSE**

The Plaintiff's damages, if any, were directly and proximately caused by the Plaintiff's negligent and/or intentional actions, or inaction of third parties not under the control of the Defendant.

**TENTH DEFENSE**

The Plaintiff's Complaint is barred by the Prison Litigation Reform Act, 42 U.S.C.A. § 1997(e), *et seq.*

**ELEVENTH DEFENSE**

The Plaintiff's Complaint is barred by the provisions of KRS 65.200, *et seq.*

**TWELFTH DEFENSE**

The Defendant reserves the right to assert any and all affirmative defenses that arise or become known to it through the course of discovery.

WHEREFORE, the Defendant respectfully requests as follows:

1.      That the Complaint against him be dismissed with prejudice and held for naught;

2.      For a trial by jury of all issues so triable;

3.      That he be awarded his reasonable attorney's fees and costs herein expended; and

4.      That be granted any and all other relief, whether in law or in equity, to which he may reasonably appear entitled.

Respectfully submitted,

/s/ D. Barry Stilz
D. Barry Stilz
Lynn Sowards Zellen
Kinkead & Stilz, PLLC
301 East Main Street, Suite 800
Lexington, KY  40507
Telephone: (859) 296-2300
Facsimile: (859) 296-2566
bstilz@ksattorneys.com
lzellen@ksattorneys.com
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing has been served on the plaintiff via U. S. Mail, on this the 23rd day of July, 2019:

Michael C. Horn #195065
Madison County Detention Center
107 W. Irvine Street
Inmate Mail/Parcels
Richmond, KY   40475
*Pro Se Plaintiff*

/s/ D. Barry Stilz
*Counsel for Defendant*